MORALES, PETITIONER, *v.* DISTRICT COURT OF MAYAGÜEZ, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Mayagüez

No. 440.—Decided May 31, 1924.

ANNOTATION OF COMPLAINT—SECURITY—CERTIORARI.—Security should not be required for the annotation of a complaint under section 91 of the Code of Civil Procedure, and if it is required the order to that effect can be set aside in certiorari proceedings.

The facts are stated in the opinion.

*Mr. L. Muñoz Morales* for the petitioner.

*Mr. J. Sabater* for the adverse party.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is a certiorari proceeding and the question of procedure is whether a court can order the cancellation of a record of the pendency of an action in the registry if the plaintiff gave no security for the damages that the record might cause the adverse party.

María del Carmen Morales brought an action in the District Court of Mayagüez and alleged that in the year 1879 she formed a partnership with Lino Cruz y Toro, both contributing property and labor and they agreeing that the profits should be divided equally between them. The property contributed was described in the complaint. It was alleged that the partners also lived in concubinage and that Lino Cruz died in 1921, leaving as his sole heir the defendant, who took possession of all of the property without recognizing the plaintiff's interest therein. The complaint contains descriptions of sixty-one different properties left by Cruz, consisting of lands and mortgage credits amounting to about $200,000.

In accordance with section 91 of the Code of Civil Procedure the plaintiff moved that her complaint be recorded in the registry and it was so ordered. Alleging that the record would greatly prejudice her interests, the defendant moved the court to require the plaintiff to give a bond to answer for the damages in case her action should fail and, in default of such security, to order the cancellation of the record.

After hearing both parties the court sustained the motion of the defendant and fixed the amount of the bond at $25,000. The plaintiff then filed this petition for a writ of certiorari.

It is evident that the record caused and will continue to cause trouble to the defendant. Several of the mortgages became due and the defendant could not make use of the payments, but had to deposit them in court. And this will

continue until the suit is terminated. In case of judgment favorable to the defendant she will not be able to recover such damages unless the bond required is given. The facts seem to justify the action of the court, but the question is whether it is authorized by law.

Both counsel for the petitioner and counsel for the defendant appeared and filed their briefs. Section 91 of the Code of Civil Procedure which grants the right does not require the giving of security in order to assert the right. It does not even require action on the part of the court in order to record the complaint. The defendant has not cited, nor have we been able to find, any provision of law or jurisprudence to support the action of the district court. The analogy of the proceeding to that for injunction and the inherent powers of courts argued by the defendant can not serve as a basis for deciding the case by adopting a rule that practically might nullify the statute in many cases.

The law requires no bond. The court, therefore, can not require it. The order complained of by the petitioner must be set aside and the case remanded for further proceedings not inconsistent with this opinion.

*Order set aside.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.